**UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WISCONSIN**
www.wiwb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

| | | |
|---|---|---|
| ☑ | _____ | Original Plan |
| ☐ | _____ | Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable) |
| ☐ | _____ | Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable) |

Debtor: Rachel Amy Lindhorst      SSN: xxx-xx- xxx-xx-3312      Case Number: _____

Joint Debtor: _____      SSN: xxx-xx- _____

### I. Notices

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans, and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within 28 days after the completion of the Section 341 meeting of creditors. Additional objection deadlines may apply as set forth in Section IIIC below. The court may confirm this plan without further notice if no objection to confirmation is filed.

To All Parties: This form plan may not be altered other than in the nonstandard provisions in Section VII. The plan contains no nonstandard provisions other than those set out in Section VII.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.

**The deadline to object to the amended or modified plan is ____.**

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Section VII | ☑ Included | ☐ Not included |

**Unless otherwise provided for in this plan, the trustee shall disburse payments in the following order after trustee fees: equal monthly payments to secured creditors, administrative expenses including attorney fees, secured claims paid pro rata, priority claims, general unsecured claims.**

### II. Plan Payments, Length of Plan, and Debtor(s)' Attorney's Fee

A. **Monthly Plan Payment:** This plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order unless otherwise requested. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

   1. $ __345.51__ for __36__ months;

   The total amount of estimated payments to the trustee: $12,438.36

B. **Debtor(s)' Attorney's Fee:**   ☐ None   ☐ Pro Bono

**Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.**

| Total Fees: $4,500.00 | Total Paid: $11.00 | Balance Due: $4,489.00 |
|---|---|---|
| Payable  prorata  /month (Months ____ to ____ ) | | |

### III. Treatment of Secured Claims

If a secured claim is not provided for in Section III, then the trustee will not disburse any funds to the holder of the claim.

Debtor(s): Rachel Amy Lindhorst                               Case number:

If a claim listed in the plan as secured is filed or otherwise allowed as fully unsecured, the trustee will pay the claim as an unsecured claim as provided in Section V, and the claim will not be paid as a secured claim under Section III.

If a secured creditor obtains relief from the automatic stay as to collateral listed in Section III, the trustee will cease further payments to that creditor and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims beyond payments actually made to the creditor as of that date.

Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. A modified plan may be required to maintain feasibility. If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

A. **Payment in Full:** With the exception of tax claims of governmental units, the claims listed below will be paid in full, with the interest rate stated below. If the plan does not state an interest rate, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or the proof of claim, the plan pays the claim without interest. For tax claims of governmental units, the debtor must state the rate required by 11 U.S.C. § 511 to permit the parties to calculate feasibility.

**The allowed claim amount stated on a proof of claim controls over any contrary claim amount listed in this section, whether the allowed claim amount is higher or lower (applies to Section IIIA only).**

The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

1. Creditor: _____
   Address: _____
   Account Number: _____   Arrearage on Petition Date _____
   Interest Rate: _____      Payoff on Petition Date _____
   Disburse adequate
   protection pre-Confirmation $ _____
   Other: _____
   ☐ Real Property                           Check one below for Real Property:
       ☐ Principal Residence                 ☐ Escrow is included in the regular payments
       ☐ Other Real Property                 ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly
   Address of Collateral:

   ☐ Personal Property/Vehicle
   Description of Collateral: _____

B. **Maintenance of Payments and Cure of Default:** The debtor(s) will maintain payments during the case on the allowed secured claims listed below pursuant to 11 U.S.C. § 1322(b)(5).

The trustee will pay the arrearage listed on any allowed proof of claim filed before the deadline under Bankruptcy Rule 3002(c) or 3004. If the interest rate is left blank, the trustee will not pay interest on the arrearage. The installment payments will be paid as indicated below.

Any arrearage and the current monthly installment listed on a proof of claim (or a notice filed pursuant to Bankruptcy Rule 3002.1) control over any contrary amounts stated below.

1  Creditor: 21ST MTG
   Address: POB 477
   Account Number: _____   Arrearage on Petition Date   3,750.00
   Interest Rate: 0.00%              Payoff on Petition Date      63,753.00
                                     Regular Payment (Direct)  833.00 /month (Months 1 to 60)
   Disburse adequate                 Arrears Payment
   protection pre-Confirmation $ 0.00   (Cure)                    prorata

   Other: _____
   ☑ Real Property                           Check one below for Real Property:
       ☑ Principal Residence                 ☑ Escrow is included in the regular payments

Debtor(s): Rachel Amy Lindhorst    Case number:

☐ Other Real Property    ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly
Address of Collateral: 1213 North Peach Avenue Lot #720
Marshfield, WI 54449  Wood County

☐ Personal Property/Vehicle
Description of Collateral:

**C.    Valuation of Collateral:** ☑ NONE

**D.    LIEN AVOIDANCE** ☑ NONE

**E.    SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall ot receive a distribution from the Chapter 13 Trustee.
☑ NONE

## IV. Treatment of Fees and Priority Claims (as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4))

Trustee's fees are governed by statute, may change during the course of the case, and should not be specified herein.

All allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

The priority debt amount listed on a filed proof of claim controls over any contrary amount listed in this section, unless the court determines that a different amount of the allowed claim is entitled to priority.

**A.    PRIORITY TAX CLAIMS:** ☑ NONE

**B.    DOMESTIC SUPPORT OBLIGATION(S):** ☑ NONE ☐ CURRENT AND PAID OUTSIDE

**C.    OTHER:** ☑ NONE

## V. Treatment of Unsecured Nonpriority Creditors

**A.**    Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata from any remaining funds after paying other disbursements made in accordance with the plan until either the applicable commitment period is reached or nonpriority unsecured claims are paid in full, whichever comes first.

Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

**B.**    ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C. SEPARATELY CLASSIFIED:** ☑ NONE

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☐ NONE

☑    Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

Debtor(s): Rachel Amy Lindhorst          Case number:

| | Name of Creditor | Collateral | Acct. No. | Assume/Reject |
|---|---|---|---|---|
| 1. | Maplewood Communities | 1213 North Peach Avenue Lot #720 Marshfield, WI 54449 Wood County | | ☑ Assume ☐ Reject |

## VII. Non-Standard Plan Provisions

☐ NONE

☑ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Creditors with secured claims, other than claims provided for under 11 U.S.C. § 1322(b)(5), shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment in full of the secured portion of their proof of claim, or (b) discharge under 11 U.S.C. § 1328.

Maplewood Communities shall be paid $**2955.88** for the lease arrears for the property located at 1213 North Peach Avenue Lot #720 Marshfield, WI 54449 Wood County in equal monthly payments of $25**0.00** commencing the first month after confirmation.

☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ Rachel Amy Lindhorst      Debtor      January 17, 2025

Rachel Amy Lindhorst                        Date

/s/ Michael J. Watton                        January 17, 2025
Michael J. Watton                            Date
Attorney with permission to sign on Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) [or Debtor(s) if not represented by counsel] certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VII.**